**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.  CASE NO: 6:13-cr-00087-PGB-TBS

MICHAEL RIVERS

**ORDER**

This cause is before the Court on Defendant MICHAEL RIVERS' Verified Motion to Withdraw Plea of Guilty (Doc. 217).  The Court has reviewed the Defendant's motion, the transcript of the change of plea colloquy, and the file.  The Court finds that Defendant RIVERS knowingly, voluntarily, and without threats or coercion pleaded guilty to Counts One through Twenty-One of the Second Superseding Indictment and, at all times material hereto, acted with and upon the advice of counsel.  For the reasons set forth in greater detail below, the Defendant's Motion to Withdraw Guilty Plea is **DENIED**.

**I.  PROCEDURAL HISTORY**

On March 4, 2013, a Criminal Complaint was filed against Defendant MICHAEL RIVERS, charging him with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349.  (Doc. 1). The grand jury, sitting in Orlando, Florida, returned an indictment charging Defendant MICHAEL RIVERS and his wife, Defendant KIM RIVERS, with conspiracy to commit wire fraud.  (Doc. 20). Defendant RIVERS was arrested in the Eastern District of New York, had his initial appearance, was detained, and was ordered to be committed to the Middle District of Florida. (Docs. 22, 23, 24). On May 16, 2013, Attorney Andrew Chmelir was appointed to represent Defendant MICHAEL RIVERS. (Doc. 56).  Attorney Chmelir promptly moved to adopt the Motion

to Review and Vacate Pretrial Detention Order and Supporting Memorandum, filed by prior defense counsel (Doc. 59), and the motion was granted (Doc. 60).  A hearing on the motion to vacate was scheduled (Doc. 61), and Mr. Chmelir argued the motion (Doc. 67).  The presiding Magistrate Judge denied the Defendant's motion to vacate (Doc. 68), and Mr. Chmelir sought review before the District Judge (Doc. 69).

On July 22, 2013, the Defendant executed his second waiver of his right to a speedy trial (Doc. 83), and the trial was continued to the November 2013 term (Docs. 84, 85, 86). On September 9, 2013, Mr. Chmelir filed a motion for pre-authorization of investigative costs, which was granted.  (Docs. 97, 99).  On October 22, 2013, Mr. Chmelir moved to continue the trial until the March 2014 term.  (Doc. 104).  A status conference was held on January 21, 2014, at which time Defendants MICHAEL RIVERS and KIM RIVERS requested a trial, estimated to take ten days.  (Doc. 111).

On January 30, 2014, Defendant MICHAEL RIVERS moved the Court to permit a Joint Meeting of Co-Defendants and their respective counsel (Doc. 115), which was granted (Doc. 116).  The Superseding Indictment was returned on February 5, 2014 (Doc. 117).  The Defendant was arraigned on the Superseding Indictment on February 11, 2014 (Doc 12).  The Second Superseding Indictment was returned on February 19, 2014 (Doc. 130), and the Defendant was arraigned on February 26, 2014 (Doc. 135). Defendant MICHAEL RIVERS waived his right to personally appear for arraignment on the Second Superseding Indictment (Doc. 136).

On March 17, 2014, Mr. Chmelir and counsel for Co-Defendant KIM RIVERS, filed a joint motion for pre-trial hearing to determine the scope and admissibility of evidence which the government intends to offer at trial.  (Doc. 141).  The same day, Mr. Chmelir

filed his proposed voir dire questions. (Doc. 142). On March 18, 2014, Mr. Chmelir filed a motion to use electronic equipment during the trial. (Doc. 148). On March 20, 2014, the United States filed the notice of maximum penalty, elements of offense, and factual basis as to Defendant MICHAEL RIVERS. (Doc. 155). Defendant MICHAEL RIVERS appeared before Magistrate Judge Thomas Smith on March 20, 2014 and pleaded guilty to the Second Superseding Indictment. (Doc. 156). The transcript of the plea colloquy is at Docket Entry 212. District Judge Charlene Honeywell subsequently adopted the Report and Recommendation of Magistrate Judge Smith (Doc. 159) and accepted Defendant MICHAEL RIVERS' guilty plea (Doc. 170).

The Initial Presentence Investigation Report was disclosed on May 15, 2014 (Doc. 182), and on May 30, 2014, Mr. Chmelir moved to withdraw as counsel, citing undisclosed conflicts with Defendant MICHAEL RIVERS (Docs. 185, 186). Mr. Chmelir was replaced by Attorney Roger Weeden (Docs. 189, 191), and on July 2, 2014, Mr. Weeden was replaced by Attorney Victor Martinez (Docs. 203, 204, 208).

On July 14, 2014, Mr. Martinez moved to set aside the Forfeiture Money Judgment and the Preliminary Order of Forfeiture (Doc. 214), and on July 18, 2014, Mr. Martinez filed the instant motion to set aside the guilty plea (Doc. 217).

On March 20, 2014, Defendant MICHAEL RIVERS' wife, Defendant KIM RIVERS, entered into a plea agreement wherein she agreed to plead guilty to Counts Nineteen, Twenty, and Twenty-One of the Second Superseding Indictment, and the government agreed to dismiss the remaining eighteen counts of the Second Superseding Indictment against her. (Doc. 154). Pursuant to the Plea Agreement, Defendant KIM RIVERS faces a minimum sentence of two years and a maximum sentence of six years in prison,

as opposed to the twenty year maximum provided for by virtue of Count One of the Second Superseding Indictment (conspiracy). Defendant KIM RIVERS pleaded guilty before the Magistrate Judge on March 20, 2014 (Docs. 162, 166), and the District Judge adopted the Report and Recommendation on March 25, 2014 (Doc. 173).

The first time the Court became aware of any dissatisfaction on the part of Defendant MICHAEL RIVERS with the services being provided by Mr. Chmelir was fifteen days after the PSR was issued.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the Court accepts the plea, but before it imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed R. Crim. P. 11(d)(2)(B). In determining if the defendant has met his burden for withdrawal, "a district court may consider the totality of the circumstances surrounding the plea," including:

> (1) [W]hether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

*United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (citation and quotation marks omitted). "There is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citation omitted). Rather, "[t]he good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw guilty plea] are issues for the trial court to decide." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (citations omitted). Moreover, "[t]here is a strong presumption that

the statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187. Accordingly, the defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (citation omitted).

A guilty plea may not be knowing and voluntary if the accused does not understand the nature of the constitutional protections he is waiving or has such an incomplete understanding of the charges that his plea cannot be construed as an intelligent admission of guilt. *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986). Additionally, a guilty plea may not be knowing and voluntary if the accused does not "receive reasonably effective assistance of counsel in connection with the decision to plead guilty." *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (citation omitted). The accused must show that his counsel's performance fell below the threshold level of competence and that, but for counsel's errors, he probably would not have pleaded guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### III.     DEFENDANT'S ARGUMENT

Defendant MICHAEL RIVERS contends that "he continuously told Chmelir that he desired to have the outcome of his case determined by a jury." (Doc. 217, p. 6). Defendant MICHAEL RIVERS states that Mr. Chmelir never prepared the case for trial and that the failure to properly prepare is tantamount to having "forced or coerced" him into pleading guilty. (*Id.*, p. 7). The Defendant asserts that prior to the change of plea, he had not yet decided to change his plea. (*Id.*, p. 10). Defendant RIVERS contends that had his attorney "properly investigated this case and prepared a defense strategy,

[he] would not have entered a guilty plea, but would have insisted that his case be taken to trial." (*Id.,* p. 10).

However, Defendant RIVERS fails to articulate what defense strategy was lacking and whether the strategy would have been successful. Similarly, Defendant RIVERS contends that he provided Mr. Chmelir with the names of potential defense witnesses, but he fails to even proffer how these witnesses would have benefited his defense (*Id.*, p. 3). The likely success of the foregone defense is critical to determining whether counsel's performance was ineffective. "[W]here the alleged error of counsel is the failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *McCoy,* 804 F.2d at 1199 (citing and quoting *Hill,* 474 U.S. at 59). In the instant case, Defendant RIVERS fails to present any evidence, even by way of proffer, that a defense could have been successfully mounted had his prior counsel performed every task required of him by the Defendant.

## IV.   THE PLEA COLLOQUY

Magistrate Judge Thomas Smith conducted a comprehensive plea colloquy with the Defendant, ensuring that Defendant RIVERS understood and could read English (Doc. 212 at 3:7–20), providing the Defendant with the opportunity to consult with counsel during the colloquy (*Id.* at 3:24–4:3), and ensuring the Defendant was not under the influence of drugs or alcohol and was not suffering from any mental condition affecting his ability to understand the proceedings (*Id.* at 4:4–15). After placing the Defendant under oath, the Court cautioned that the Defendant was now under oath and warned, "If you don't tell the truth or if you leave out information that would make your testimony

6

misleading or false, you could be prosecuted for perjury or making false statements, both of which are felonies" (*Id.* at 4:16–20).

Defendant MICHAEL RIVERS advised the Court that he was present because he wanted to plead guilty. (*Id.* at 5:1–6). The Court explained that the burden of proof rests with the government, and stated "[n]o one can force you to enter a plea of guilty in this case. The decision is yours and yours alone." (*Id.* at 6:19–7:4). However, Defendant MICHAEL RIVERS did not inform the Court that he felt forced to enter the plea. The Court then identified the Counts of the Second Superseding Indictment to which the Defendant would be entering a plea, including the elements of each offense. (*Id.* at 7:5–9:5, 13:10–16:10).

The discussion of the offenses was followed by a detailed discussion of the "important Constitutional rights in this case that you will waive and give up if you enter a plea of guilty this afternoon." (*Id.* at 10:2–12:12). Specifically, the Court informed the Defendant, "You have the right to testify and to present evidence in your own defense in this case; and if your witnesses would not come to court voluntarily, the Court would issue orders to compel their attendance; but, again, if you enter a plea of guilty, there's not going to be a trial and you're going to waive and give up all of these rights." (*Id.* at 11:9–14). At this juncture in the plea colloquy, Defendant MICHAEL RIVERS knew he could compel the attendance of witnesses, and he did not suggest to the Court that his lawyer had declined to procure witnesses.

The Court explained the maximum penalties the Defendant would face if he pleaded guilty and advised that the Sentencing Guidelines are advisory and that no one can predict the application of the guidelines at this juncture. (*Id.* at 16:11–19:9).

7

Thereafter, Defendant MICHAEL RIVERS admitted the facts set forth on pages 6 through 20 of the notice of maximum penalty, elements of offense, and factual basis as to Defendant MICHAEL RIVERS. (Doc. 155; Doc. 212 at 17:24–18:2, 21:21–23:5). The Court established that the Defendant is pleading guilty, because he is in fact guilty and that the plea is not the result of duress or intimidation or threats. (*Id.* at 23:3–23:24). The Court specifically inquired whether Defendant MICHAEL RIVERS is satisfied with his attorney's legal representation up to this point in the case, to which the Defendant replied, "Yes." (*Id.* at 24:22–24).

## V.     CONCLUSION

Defendant MICHAEL RIVERS does not have an "absolute right to withdraw a guilty plea." *Medlock*, 12 F.3d at 187. As noted above, the "good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw guilty plea] are issues for the trial court to decide." *Buckles*, 843 F.2d at 472. There is a "strong presumption that statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187.

In the instant case, the Defendant contends he was forced or coerced into pleading guilty because his attorney, Mr. Chmelir, failed to adequately prepare his defense leaving him no option but to plead guilty. The record contradicts the Defendant's assertions. Mr. Chmelir was appointed to represent the Defendant on May 16, 2013, and he promptly began zealously advocating for his client by contesting the order establishing pre-trial detention, obtaining authorization for investigative funds, and coordinating a joint defense meeting. On March 17, 2014, the joint defense meeting occurred at which point Defendant MICHAEL RIVERS had the opportunity to meet with his co-defendant wife, Defendant KIM RIVERS. On March 20, 2014, Defendant KIM RIVERS pleaded guilty to

three of the twenty-one counts of the Second Superseding Indictment, which appears to have been a byproduct of the joint defense meeting.

As late as February 11, 2014, Defendant MICHAEL RIVERS was before the Magistrate Judge for arraignment on the Superseding Indictment, and there is no indication that he voiced any concern to the Court that his counsel was not adhering to his request to vigorously defend the case at trial. In fact, when the Second Superseding Indictment was handed down, Defendant MICHAEL RIVERS waived his right to personally appear for arraignment, which is consistent with the Defendant having been satisfied with his representation.

The plea colloquy discussed in detail above further supports the Court's finding that the plea of guilty entered by Defendant MICHAEL RIVERS was entered knowingly, intelligently, and voluntarily. The Defendant stated under oath that he was entering his plea because he was, in fact, guilty of the offenses with which he had been charged, and he understood the right to persist in a plea of not guilty and to compel the production of witnesses in his defense. Defendant MICHAEL RIVERS never gave the Court any indication that his plea of guilty was predicated upon force or threats or coercion of any kind, and he affirmed that he was satisfied with the representation provided by Mr. Chmelir. This Court is entitled to rely upon the sworn testimony of Defendant MICHAEL RIVERS.

Finally, assuming *arguendo* that Mr. Chmelir failed to properly prepare the defense, resulting in a coerced plea of guilty, the Defendant fails to articulate what that defense would have comprised and fails to address the likelihood of success had Mr. Chmelir performed as desired. Accordingly, the Defendant fails to establish good cause

for withdrawing his otherwise provident guilty plea. The Court notes that the first hint of dissatisfaction with the performance of Mr. Chmelir appears five days after the PSR was issued.

The Court finds based upon the record evidence that Defendant MICHAEL RIVERS had access to the close assistance of counsel, and the plea of guilty was knowing and voluntary. The Court further finds that judicial resources would be conserved by denying this motion and that the government would be prejudiced by trying Defendant MICHAEL RIVERS after having relied upon the Defendant's knowing and voluntary plea of guilty to the twenty-one counts contained in the Second Superseding Indictment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant MICHAEL RIVERS' Verified Motion to Withdraw Plea of Guilty (Doc. 217) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this 22nd day of July, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies:     Counsel of Record